SECURITY STORAGE COMPANY, a corporation of the State of Delaware, Plaintiff, v. EQUITABLE SECURITY TRUST COMPANY, a banking corporation of the State of Delaware, Defendant.

(*December* 12, 1958.)

CHRISTIE, J., sitting.

*James R. Morford* and *George L. Sands* for Plaintiff.

*Henry M. Canby* and *E. Norman Veasey* for Defendant.

Superior Court for New Castle County, No. 1143, Civil Action, 1957.

CHRISTIE, J.:

Plaintiff corporation maintained a checking account at defendant bank. Plaintiff employed Samuel H. Chestnut as a claims adjustor. On several occasions over a period of years, Chestnut caused plaintiff's bookkeeper to draw checks on the defendant bank in favor of certain persons, ostensibly to pay for repair work to furniture in settlement of claims. Some of these checks were for actual services rendered; others were for fictitious charges fabricated by Chestnut. Chestnut endorsed the checks that had been drawn to pay fictitious bills forging the payee's signature thereon and then he added his own name below the forged endorsement. Over a period of years, the defendant bank appears to have paid Chestnut a total of $5,068 on checks containing forged endorsements. In each case, plaintiff's account was debited. This action was brought against Equitable Security Trust Company (now the Bank of Delaware) to recover the funds alleged to have been wrongfully debited to plaintiff's account as a result of such payments to Chestnut.

Defendant has moved for summary judgment as to $2,714, that portion of the claim which arose more than three years before the action was filed. The period of limitations is the only issue raised by this motion.

Defendant's motion is based upon the three year statute of limitations found in 10 *Delaware Code*, § 8106, which reads as follows:

"No action to recover damages for trespass, no action to regain possession of personal chattels, no action to recover damages for the detention of personal chattels, no action to recover a debt not evidenced by a record or by an instrument under seal, no action based on a detailed statement of the mutual demands in the nature of debit and credit between parties arising out of contractual or fiduciary relations, no action based on a promise, no action based on a statute, and no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action; subject, however, to the provisions of sections 8107-8109 and 8118 of this title."

Although section 8106 refers to several specific forms of action, it may for convenience insofar as this case is concerned, be characterized as a general statute of limitations. By its terms, the general statute of limitations is subject to the provisions of certain other sections of the Code, which set up among other things special periods of limitations as to particular types of actions or claims. Among the exceptions to the general statute of limitations ·is 10 *Delaware Code*, § 8108 which reads as follows:

"When a cause of action arises from a promissory note, bill of exchange, or an acknowledgment under the hand of the party of a subsisting demand, the action may be commenced at any time within 6 years from the accruing of such cause of action."

If the section 8108 applies to the claim asserted in the case before the Court, the general three year limitation would

not apply and defendant's motion is without merit. If, on the other hand, section 8108 does not apply, the general limitation would apply and defendant's motion must be granted.

Since it is conceded for the purposes of this motion that a check may be regarded as a bill of exchange, the problem raised centers entirely around whether or not this action "arises from a bill of exchange" within the statutory meaning of that phrase.

There appears to be no reported Delaware case in which the Court was called upon to decide between the two periods of limitations, and the wording of corresponding statutes in other states differs from that employed in the Delaware statute.

This Court has applied the three year statute of limitations now contained in 10 *Delaware Code,* § 8106 to an action by a depositor against a bank for improper debits but no other period of limitations was suggested since checks were not there used in connection with the debits. *Keller v. President, Directors and Company of Farmers' Bank,* 1942, 2 *Terry* 471, 24 *A.* 2d 539.

Plaintiff points to the very important and obvious part which checks played in Chestnut's scheme to defraud his employer. Defendant, on the other hand, argues, in effect, that actions "arise from" checks only where the parties to the checks are suing on the obligation created by the check, as for example, when the payee sues the drawer on the check because the amount of the check was not paid upon presentation to the drawee. Defendant states that this action is to recover for an alleged improper depletion of a depository account and that it is quite incidental that checks were used by a third party to trick the bank into an improper debit. Defendant's position is in essence that a suit "arises from" a check only when it is a suit upon that instrument.

██ Defendant quotes the following passage in support of its position:

"The statutory description of an action as 'founded on an instrument in writing' or equivalent phrase refers to contracts,

obligations, or liabilities growing, not remotely or ultimately, but immediately, out of written instruments; and the written instrument relied on must itself contain a contract to do the thing for the nonperformance of which the action is brought." 53 *C. J. S.* Limitations of Actions § 60.

Defendant also cites *Coffin v. Fidelity-Philadelphia Trust Company*, 1953, 374 *Pa.* 378, 97 *A.* 2d 857, 39 *A. L. R.* 2d 625, for the general proposition that an action against a bank to recover the amount of checks drawn upon the depositor's account on checks upon which payee's names were forged is an action based upon a contract, but not on the instrument itself. See also *Railroad Building, Loan & Savings Ass'n v. Bankers' Mortgage Co.*, 1935, 142 *Kan.* 564, 51 *P.* 2d 61, 102 *A. L. R.* 140. *Republic National Bank of Dallas v. Maryland Casualty Co., Tex. Civ. App.*, 1944, 184 *S. W.* 2d 496.

In support of plaintiff's position that this cause of action "arises from" the checks, plaintiff cites 6 *Delaware Code*, § 227 which provides as follows:

"A bill of itself does not operate as an assignment of the funds in the hands of the drawee available for the payment thereof, and the drawee is not liable on the bill unless and until he accepts the same."

From this language, plaintiff concludes that defendant was not liable to plaintiff on the bills in the present case unless and until it accepted the bills. Thus, argues plaintiff, only upon acceptance of the bills did defendant become liable to plaintiff and at that time a cause of action "arises from" the bills.

This argument presumes that drawee's liability upon the bills referred to in 6 *Delaware Code*, § 227 may include drawee's liability to the depositor for debiting depositor's account after unauthorized payment of a bill containing a forged endorsement. A study of the negotiable instruments law and the cases decided under that section thereof shows that this interpretation is in error. Section 227 refers to drawee's liability

"on the bill", that is, to his obligation to the payee or payee's order to pay the bill. See cases cited in 5 *U. L. A.*, § 127. The section has no application to the drawee's obligations to the depositor for improper debits resulting from payments in connection with forged endorsements.

I conclude that this action is a contract action but that it is not based upon a bill of exchange. However, our six year statute of limitations does not apply to actions "based upon bills of exchange" but rather that it applies to actions which "arise from a bill of exchange". Can an action not brought upon the negotiable instrument itself nonetheless "arise from" such instrument? Or more specifically, does this action "arise from" the checks used as the term "arise from" is used in the statute of limitations even though the suit is not upon the checks?

The complaint in this case clearly relies on a bank's contractual obligations to its depositor and not upon any contract contained in the checks used by Chestnut.

Plaintiff cites the case of *Union Tool Co. v. Farmers' & Merchants' National Bank*, 1923, 192 *Cal.* 40, 218 *P.* 424, 429, 28 *A. L. R.* 1417, as authority for the proposition that the instant case is an action "arising from" the checks bearing the forged endorsements. In that case, the Court had a factual situation roughly similar to the facts before this Court. The California Court had to decide between statutes of limitations one of which limited actions "brought to recover money deposited with any bank" and the other limited actions "by a depositor against the bank for the payment of a forged * * * check". The Court decided that the more specific language dealing with forged checks applied to the case before it. The *Union Tool* case holds that a specific or special statute of limitations governs those actions to which it specifically refers to the exclusion of a more general statute of limitations which would apply in the absence of the specific statute. If the language of section 8108 applies to the action before this Court, it is obvious that the limitation therein contained would apply to the exclusion of the general limitation.

However, in the *Union Tool* case, the Court did not determine whether the suit arose from a bill of exchange since under the specific language of the California statutes, that question was not before the Court.

I am of the opinion that the passage quoted above from 53 *C. J. S.* Limitations of Actions § 60 correctly states the interpretation which should be given to 10 *Delaware Code*, § 8108.

It appears to me that the General Assembly had reference to suits arising from the obligations directly created by the instruments themselves when it used the words "arises from a bill of exchange". Such an interpretation would assign a relatively clear and easily ascertainable meaning to the statute. The other alternative is to hold that an action is deemed to "arise from a bill of exchange" if a bill of exchange played an important part in any factual situation from which the cause of action arose and even though the cause of action be based upon a contract not contained in the bill of exchange. I believe such an interpretation would be out of keeping with the usual rule, and with the probable intent of the General Assembly, and it would be uncertain and difficult to apply.

For the reasons stated, I couclude that the suit before the Court is not upon bills of exchange nor does it "arise from bills of exchange" as that term is used in 10 *Delaware Code*, § 8108. It follows that the six year statute of limitations contained in 10 *Delaware Code*, § 8108 does not apply, and the three year general statute of limitations contained in 10 *Delaware Code*, § 8106 does apply.

Defendant's motion for summary judgment as to that portion of the cause of action which is barred by the limitation contained in 10 *Delaware Code*, § 8106 is granted.